IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL SANOSKI, et al., | ) |
| Plaintiffs, | ) ) ) 2:23-cv-571 |
| vs. | ) ) ) |
| MERCER COUNTY, et al., | ) ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM ORDER

In this civil-rights case, Plaintiffs Cheryl Sanoski and RoseAnn Sanoski bring claims against Mercer County, Francis H. Grolemund, Jr., Anthony Settle, and Andrew J. Totin, arising out of what they allege was a wrongful prosecution. Specifically, as to Defendant Andrew J. Totin, Plaintiffs bring three claims as part of the amended complaint: (1) Section 1983 malicious prosecution; (2) state-law malicious prosecution; and (3) state-law abuse of process. Andrew J. Totin moves to dismiss all three counts against him. After careful consideration, the Court grants Mr. Totin's motion in part and denies it in part.

### BACKGROUND

This case arises from a family dispute after the death of the family matriarch, Joanne M. Totin. Joanne M. Totin named her husband, Andrew Totin, her son, Andrew J. Totin, and her daughter, RoseAnn Sanoski, as her agents in June 2005. ECF 16, ¶ 13. After Andrew Totin died, Andrew J. Totin and RoseAnn Sanoski acted as agents for their mother until her death in September 2020. *Id.*, ¶¶ 14-15, 17.

In April 2021, Andrew J. Totin (who was the Chief of the Sharpsville Volunteer Fire Department) reported to the Sharpsville Police Department that RoseAnn Sanoski and her daughter, Cheryl Sanoski, had committed fraud by systematically looting his mother's estate. *Id.*, ¶¶ 18-19, 23. The Sharpsville Police Department

requested that the Mercer County District Attorney's Office investigate the matter because the Sharpsville Chief of Police believed that he had a conflict of interest due to his relationship with Andrew J. Totin. *Id.*, ¶ 20.

Two detectives from Mercer County investigated RoseAnn and Cheryl Sanoski, including obtaining and serving search warrants. *Id.*, ¶¶ 34, 37, 39-40. As a result of the investigation, criminal charges were filed against RoseAnn and Cheryl Sanoski. *Id.*, ¶ 44. After being charged, RoseAnn and Cheryl Sanoski filed a joint petition for habeas corpus, the procedural vehicle under state law to challenge the existence of probable cause. The state court found probable cause existed and so denied the motion, based on Andrew J. Totin's testimony at the preliminary hearing and documents and video obtained through subpoenas and search warrants. *Id.*, ¶¶ 51, 53-57.

In denying the habeas petition, the state court reviewed the following evidence: (1) Andrew J. Totin's testimony at the preliminary hearing; and (2) testimony from a detective about annuity records, bank records, ATM withdrawal information, and video surveillance. ECF 18-1, pp. 4-6. After reviewing this evidence, the state court concluded that the Commonwealth presented a *prima facie* case for conspiracy because based on the evidence, "[a] reasonably jury could conclude that [RoseAnn and Cheryl] had an agreement to orchestrate an improper change of beneficiaries and took a substantial step towards that aim." *Id.*, p. 7. The state court also concluded that the Commonwealth presented a *prima facie* case for theft "by presenting the testimony concerning ATM withdrawals, credit card charges and checks made out to [RoseAnn and Cheryl] in substantial amounts from Joann Totin's account." *Id.* In reaching its conclusion, the state court considered the "totality of the evidence, including bank records, videos, and ATM records, and testimony" presented at the preliminary hearing. *Id.*

About eight months later, the state court granted a motion to suppress, and suppressed some of the evidence that the court previously relied on in denying the habeas petition. ECF 18-2. The state court disposed of the motion to suppress as follows: (1) granted the motion to suppress as to bank records because the affidavits did not contain a date range and thus were "not as specific as reasonably possible[,]" *id.*, p. 4; (2) denied the motion to suppress as to RoseAnn Sanoski's statements because the interrogation was not custodial, *id.*, p. 6; (3) denied the motion to suppress evidence based on search warrants based on RoseAnn Sanoski's non-custodial statements, *id.*, p. 7; (4) denied the motion to suppress records related to the annuity because the description in the warrant was sufficient, *id.*, p. 9; and (5) granted the motion to suppress information related to First National Bank and Hollywood Gaming because the subpoenas under which the information was obtained were issued improperly. *Id.*, p. 10. However, the state court specifically stated in its decision that while one of the affidavits was technically deficient, RoseAnn and Cheryl Sanoski's "contentions regarding the affidavit [were] unfounded as to the sufficiency of the allegations." *Id.*, p. 3.[1] The state court ultimately entered an order of *nolle prosequi* in favor of RoseAnn and Cheryl Sanoski. ECF 16, ¶ 64.

After the charges were dismissed, RoseAnn and Cheryl Sanoski filed this lawsuit, accusing various state officials and Andrew J. Totin of violating their civil rights, including by malicious prosecution and abuse of process.

---

[1] The two state-court decisions are attached to Mr. Totin's motion (ECF 18), and the Court finds it can take judicial notice of those decisions. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

**DISCUSSION & ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Any reasonable inferences should be considered in the light most favorable to the plaintiff. *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

I. **The Section 1983 malicious-prosecution is barred because Andrew J. Totin was not acting under color of state law.**

Plaintiffs have asserted a Section 1983 malicious-prosecution claim against Andrew J. Totin. To bring such a claim, the plaintiffs must show that the defendant was acting under color of state law and that the defendant deprived the plaintiff of a constitutional right. *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Mr. Totin was a private individual. That said, a private individual can be found to be acting under color of state law if the individual was part of an agreement with a state actor to cause the constitutional violation, but "[t]o properly plead such an agreement, a bare assertion of conspiracy will not suffice." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (cleaned up). The plaintiff must allege "the existence of a pre-arranged plan by which the police substituted the judgment of private parties for their own official authority." *Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir. 1984).

Even considering all the facts in the light most favorable to Plaintiffs, they have not pled the existence of any agreement that would establish that Andrew J. Totin was acting under color of state law. Plaintiffs allege that Andrew J. Totin

conspired with the detectives, provided false information, and leveraged his friendships with law enforcement. ECF 16, ¶¶ 43, 61-62.

These allegations do not rise above a "bare assertion of conspiracy." None of these allegations show some sort of pre-arranged plan where the police and other state officials essentially substituted their judgment for that of Andrew J. Totin. In fact, quite the opposite. Other allegations in the complaint tend to show that Andrew J. Totin was *not* working together with the police, such as the fact that Andrew J. Totin was not affiliated with the Sharpsville police department; the Sharpsville Chief of Police transferred jurisdiction to another law enforcement agency; the detectives investigating the case were not employed by the Sharpsville police department; and there are no allegations that Andrew J. Totin knew them before they were involved in the case. *Id.*, ¶¶ 11-12, 19-20.

There are no allegations in the amended complaint that suggest that Andrew J. Totin agreed with a state actor to deprive Plaintiffs of their constitutional rights. As such, the Court grants Andrew J. Totin's motion as to this claim.

## II.   The state law malicious-prosecution claim is not barred by collateral estoppel.

Separate from their Section 1983 claim, Plaintiffs also bring a state tort claim of malicious prosecution against Mr. Totin. Unlike the Section 1983 claim, the state-law claim is sufficiently pled.

"Pennsylvania law requires that in a malicious prosecution claim, a Plaintiff must prove the Defendants (1) instituted the proceedings (2) without probable cause and (3) with actual malice and (4) that the proceedings terminated in favor of the Plaintiff." *Pansy v. Preate*, 870 F. Supp. 612, 617 (M.D. Pa. 1994), *aff'd*, 61 F.3d 896 (3d Cir. 1995). Malice includes ill-will, the use of a prosecution for improper purpose, and "can be inferred from the absence of probable cause." *Id.*

Mr. Totin only challenges the second element—the absence of probable cause. He argues that that element hasn't been met because the state court found probable cause. Mr. Totin points to the habeas petition in state court and argues that because the state court found probable cause in denying that petition, that determination collaterally estops Plaintiffs here. ECF 19, pp. 9-10. After careful review, the Court disagrees.

Initially, for collateral estoppel to apply, the estopped party must have had a full and fair opportunity to litigate the issue. *Jones v. United Parcel Serv.*, 214 F.3d 402, 405 (3d Cir. 2000). A full and fair opportunity means an opportunity to challenge an issue on appeal. *Kline v. Hall*, No. 12-1727, 2013 WL 1775061, at *4 (M.D. Pa. Apr. 25, 2013). Here, the Sanoskis didn't have the opportunity to appeal the habeas order. That pretrial order wasn't immediately appealable as of right, and so any appeal would have had to have occurred after the judgment. But there was no judgment because the Commonwealth dropped the charges first, effectively mooting any appeal. Under these circumstances, collateral estoppel cannot apply. *Thomas v. Stanek*, No. 14-1415, 2015 WL 757574, at *6 (W.D. Pa. Feb. 23, 2015) (McVerry, J.) (declining to apply collateral estoppel where the state court denied a habeas motion and the plaintiff was unable to appeal because he was acquitted).

But even if the requirements for collateral estoppel were all met, the Court would still exercise its discretion and not apply it here. The Court retains discretion to decline to apply collateral estoppel where, as here, "the issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws[.]" Restatement (Second) of Judgments § 28(2) (1982).[2] In denying RoseAnn

---

[2] "Pennsylvania has not expressly adopted Section 28 but cites it favorably." *Siegel v. Goldstein*, No. 23-1495, 2024 WL 1596677, at *3 n.2 (3d Cir. Apr. 12, 2024).

and Cheryl Sanoskis' habeas petition, the state court relied, in part, on evidence that was later suppressed in concluding that it was sufficient to establish a *prima facie* case. ECF 18-1, p. 7 (relying on bank records seized from Huntington National Bank and First National Bank evidence obtained from First National Bank and Hollywood Gaming in response to subpoenas in finding that the Commonwealth presented a *prima facie* case). The state court's decision to suppress some of evidence that it relied on earlier in deciding the habeas petition represents "an intervening change in the applicable legal context." Restatement (Second) of Judgments § 28(2) (1982). To hold otherwise would mean that a party can be estopped based on a decision whose foundation was abrogated—a result at odds with the purpose of collateral estoppel. *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697-98 (2019) (finding intervening-change exception applied when court that issued decision relied on a different decision that was repudiated). Under these circumstances, the Court declines to apply the doctrine of collateral estoppel.

As such, RoseAnn and Cheryl Sanoski are not collaterally estopped from re-litigating the issue of probable cause at this juncture and the Court denies Andrew J. Totin's motion as to the state-law malicious prosecution claim.

### III. Plaintiffs have not sufficiently pled a state-law abuse-of-process claim.

The last claim that Mr. Totin takes aim at is the state-law abuse-of-process claim. To establish a claim for abuse of process under Pennsylvania law, a plaintiff must establish three elements: "(1) The defendant used a legal process against the plaintiff, (2) the defendant used the process primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Gebhart v. Steffen*, 574 F. App'x 156, 159 (3d Cir. 2014) (cleaned up) (citing *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008). If a plaintiff doesn't allege any factors that the defendant "participated in the proceedings after he initiated them,"

the claim for abuse of process will fail. *Id.* at 160. Allegations that a defendant gave false testimony, standing alone, do not support an abuse of process claim. *Washington v. City of Philadelphia*, No. 10-176, 2010 WL 3058369, at *4 (E.D. Pa. Aug. 2, 2010).

Plaintiffs argue that Andrew J. Totin abused legal process to "exact revenge" against them by providing false information to the investigating detectives and false testimony during the preliminary hearing. ECF 22, pp. 7-8. But these allegations are not enough to state a claim. In fact, this claim is simply ill-fitting in this context. The classic examples of abuse of process involve defendants that have some kind of control over the process, such as lawyers or investigators—people that can file warrant applications, pleadings, and other process. *See, e.g., York Grp., Inc. v. Pontone*, No. 10-1078, 2013 WL 12142353, at *11 (W.D. Pa. May 22, 2013) (Conti, J.) ("To the extent [the parties'] claims for abuse of process are based upon plaintiffs making false statements of fact, submitting untrue testimony, and misrepresenting the law throughout the litigation, the claims must be dismissed for failing to identify a legal process used by plaintiffs other than the filing and continuation of the litigation presently before the court."). As alleged, Mr. Totin was merely a participant in the process, in providing information to law enforcement and testimony in court. He wasn't a lawyer, party, or applicant. As such, he was not in a position to intentionally control and distort the process against Plaintiffs, and so cannot be liable for abuse of process.

For these reasons, the Court grants Andrew J. Totin's motion and dismisses the abuse-of-process claim.

\* \* \*

Therefore, after careful consideration, it is hereby **ORDERED** that Andrew J. Totin's Motion to Dismiss (ECF 18) is **GRANTED in part and DENIED in part.** Counts VIII and IX of the amended complaint are hereby **DISMISSED.**

The Court believes that amendment of the amended complaint as to these counts is futile, given the nature of the pleading defects and the other allegations in the amended complaint. As such, the dismissal of Counts VIII and IX is **WITH PREJUDICE**.

Date: May 23, 2024                                          BY THE COURT:

<u>/s/ J. Nicholas Ranjan</u>
United States District Judge